# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUN PING HE,<br><br>    Petitioner,<br><br>    v.<br><br>FERETI SEMAIA, Warden of Adelanto ICE Processing Center,<br>ERNESTO SANTACRUZ, Warden of Adelanto ICE Processing Center,<br>TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement,<br>PAMELA BONDI, Attorney General of the United States,<br>KRISTI NOEM, Secretary of Homeland Security,<br><br>    Respondents. | Case No. 5:26-cv-00368-JWH-DTB<br><br>**ORDER GRANTING PETITIONER'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER [ECF No. 5]** |

Petitioner Yun Ping He filed a petition for a writ of habeas corpus against Respondents Fereti Semaia, Ernesto Santacruz, Todd Lyons, Pamela Bondi, and Kristi Noem for allegedly unconstitutionally detaining him at his recent check-in at an Immigration and Customs Enforcement ("ICE") field office.[1]

Before the Court is He's *ex parte* application for a temporary restraining order ("TRO") compelling his immediate release from ICE detention.[2] Respondents do not oppose.[3] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers of record,[4] the Court **GRANTS** in substantial part He's Application, for the reasons set forth below.

## I. BACKGROUND

### A. Factual Allegations

He is a citizen of China.[5] He first came to the United States in 2009, and he was subsequently placed in removal proceedings.[6] In 2011 an Immigration Judge ("IJ") issued a final order of removal against He.[7] He appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), but the BIA dismissed He's appeal in 2012.[8]

---

[1]  Pet. for Writ of Habeas Corpus (the "Petition") [ECF No. 1].
[2]  Pet.'s *Ex Parte* Appl. for TRO (the "Application") [ECF No. 5].
[3]  Resps.' Response to the Petition and the Application (the "Response") [ECF No. 8].
[4]  The Court considered the documents of record, including the following papers: (1) Petition; (2) Application; and (3) Response.
[5]  Petition ¶ 22.
[6]  *Id.*
[7]  *Id.* at ¶ 23.
[8]  *Id.*

In November 2011 He was convicted of making a false statement in an application for asylum.[9] After his sentence was complete in 2014, He was transferred to an ICE detention facility for removal.[10] ICE was unable to remove He, however, because He did not have valid travel documents.[11] ICE detained He for approximately 13 months without effecting his removal, ultimately releasing him in 2015 under an Order of Supervision ("OSUP").[12] As a condition of his release, He must regularly check-in at ICE Field Offices.[13]

He has complied with the terms and conditions of his OSUP for more than a decade.[14] He has built a life for himself in the United States, he maintains employment, and he pays taxes.[15] In 2025, He filed an I-485 to Register Permanent Resident or Adjust Status, which remains pending.[16]

On November 7, 2025, ICE took He into custody at his regularly scheduled check-in, where he remains detained.[17]

**B.  Procedural History**

On January 28, 2026, He filed his Habeas Petition.[18] Six days later He filed his Application for a TRO.[19] On February 9, 2026, Respondents filed their

---

[9]   *Id.* at ¶ 24.
[10]  *Id.* at ¶ 25.
[11]  *Id.*
[12]  *Id.*
[13]  *Id.*
[14]  *Id.* at ¶ 26.
[15]  *Id.*
[16]  *Id.*
[17]  *Id.* at ¶ 27.
[18]  *See generally id.*
[19]  *See generally* Application.

response.[20] In that document, Respondents state that they "do not have an opposition argument to present."[21]

## II. LEGAL STANDARD

To obtain a temporary restraining order, a plaintiff must establish the same elements as when he seeks a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Those elements are: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *See Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir.), *as amended* (Mar. 11, 2014) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

## III. ANALYSIS

### A. Likelihood of Success on the Merits

The Court finds that He is likely to succeed on the merits of his Petition. Through his Petition, He alleges that Respondents have violated his Due Process rights. The Court finds that He's procedural Due Process rights have indeed been violated.

Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), once the 90-day post-removal order period has lapsed, the Government may detain an alien only until "removal is no longer reasonably foreseeable." *Id.* at 699. To encourage uniform administration, the Supreme Court clarified that detention is presumptively reasonable for six months after the 90-day removal period. *See id.* at 701. "After this six month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

---

[20] *See generally* Response.

[21] *Id.* at 1:6–7.

foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, He was ordered removed in 2011. Thus, the 90-day removal period has long lapsed. He's immediate detention has lasted since November 7, 2025—a period of three months. That period is in addition to the 13 months that He was detained from 2014 to 2015 pending removal. He explains that he "does not possess a passport, and his removal would require the issuance of a travel document," and that "[t]here is no evidence showing that any travel documents have been or will be issued to Mr. He."[22] The Court finds that He has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Thus, the burden shifts to Respondents to present evidence that He's removal to a third country is reasonably foreseeable. In the absence of any such argument,[23] the Court finds that He is likely to succeed on the merits of his Petition.

**B.   Irreparable Harm**

The Court finds that He is likely to suffer irreparable harm in the absence of preliminary relief. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Here, He is in ICE custody, and he has remained in custody without Due Process. Without Due Process, it is possible for He to remain in custody indefinitely. Therefore, He's Due Process rights have been violated, and he will likely suffer irreparable harm in the absence of a TRO.

---

[22]   Application 9:20–23.

[23]   *See generally* Response.

### C. Balance of Equities and Public Interest

Finally, the Court finds that the balance of equities tips in He's favor and that a TRO is in the public interest. In a case in which "the Government is the opposing party," the third and fourth factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009). In connection with a balance-of-the-equities determination, "[t]he government . . . cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023). Furthermore, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). Here, the balance of equities favors He because Respondents cannot assert that they are being harmed by being enjoined from committing constitutional violations. Likewise, a TRO is in the public interest because it will prevent continued violation of He's constitutional rights.

### IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. He's Application for Temporary Restraining Order [ECF No. 5] is **GRANTED in part** and **DENIED in part**.

2. Specifically, Respondents are **TEMPORARILY ENJOINED AND RESTRAINED** from continuing to detain He unless and until a significant likelihood exists that he will be removed.

3. Respondents are **DIRECTED** to release He **FORTHWITH**.

4. To the extent that He requests other relief in his Application, that request is **DENIED without prejudice**.

5. A hearing on an Order to Show Cause why a preliminary injunction should not issue is **SET** for February 27, 2026, at 11:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street,

Santa Ana, California. Counsel for the parties are **DIRECTED** to appear in person at that date and time.

      6.    Respondents are **ORDERED** to **SHOW CAUSE** in writing no later than February 20, 2026, why a preliminary injunction should not issue.

      7.    He is **GRANTED** leave to file an optional reply no later than February 24, 2026.

**IT IS SO ORDERED.**

Dated: February 13, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE